24, 2078, United States v. Kearney. Ms. Lopez. Good morning, Your Honors. My name is Alicia Lopez. I'm here today on behalf of the appellant Victor Kearney. We believe that the central issue on appeal today is a straightforward one. My client was charged with one crime, but convicted of a wholly separate offense that happened to appear in an alternative clause of the same statute, the Federal Conspiracy Statute, Section 371. Now, there's more than one difference between these crimes, but the material one for our purposes is that a heightened mens rea attaches to a conspiracy to defraud the United States. And that intent requirement required the government to prove that Mr. Kearney not only intended to cheat the United States, but that he intended to obstruct its functions by means of deceit, craft, trickery, or at the very least by means that were dishonest. That language is very familiar because it's all over jury instructions used across this country. It's contained in this court's own jurisprudence that's directly on point. And it comes directly from the Supreme Court that held in 1924 in Hammersmith v. U.S. that that is the standard, and in fact went on to note that the word defraud, as it appeared in the predecessor statute to Section 371, is far more narrow in its definition than defraud might appear in other statutes. Counsel, can you step back a minute and address the preservation issue that's been raised?  With respect to, well, first of all, with respect to this instruction, and we'll talk about the other one later, I guess. Yeah. The government relies on an argument, almost exclusively an argument, that the objections to the jury instruction were insufficiently preserved by Mr. Kearney and his trial counsel. That's not the case. We've made no attempt to hide the ball here. Where preservation occurred is noted specifically in our briefing, but briefly... Well, I struggled a little bit with what you were saying about where it occurred. You talk about the fact that the district judge in the new trial, or maybe a hearing on the new trial, I'm not sure where this occurred, but that the judge said essentially that you'd raised an objection. Is that right? Preservation occurred prior to that. Well, it needed to, and so I'm just, I don't want to rely on that, but I was struggling to see where exactly you preserved this objection to this instruction. At the jury instructions conference at the outset, trial counsel noted, I need to make a record here, judge, how do you want me to do it, knowing that that district court judge sets the rules for his own courtroom. And the judge reflected that counsel had proposed jury instructions that varied from the court's latest round of proposed jury instructions and said, the government noted your objections. Well, what that indicated to me was the district court was saying that any time the proposed instruction was different than the instruction he gave, he would note an objection automatically. He said if you want to rely on that. Is there any authority for that being an objection? Because your jury instruction you proposed is not what you're proposing now that should have been given. The initial proposed instruction was sufficient, though. The district court noted after the fact, when counsel moved for a new trial, proposed a different jury instruction. And in fact, trial counsel for Mr. Kearney said on the record, we think that we did before was sufficient. But prompted to offer a different one, counsel did so. That said, while it's interesting, it's an interesting question as to whether what, you know, the district court said is adequate to preserve, but you don't have to rely on that. Because when the jury instructions conference proceeded to take up the elements of a conspiracy to defraud, trial counsel did interject and initially said, I've made proposals that differ on the elements. The district court judge said, what do you mean by those deviations? And counsel went on to give his grounds sufficient to satisfy Federal Rule of Criminal Procedure 30D. Because he said, we're trying here to incorporate the context of tax fraud. And that, coupled with the annotated proposed instruction, which contains the language from Hammerschmidt, and at least as it was adopted by U.S. v. Klein, a case because it involved the IRS that was directly on point. Our position is that that's sufficient. That's, unfortunately, people don't speak as fluently as they write, you know. That's what many a transcript shows. But the district court judge certainly understood what counsel was conveying. So we don't simply have to rely on this. What did the district court say in response? Did the district court say, you don't need to make any other objections, or we're good? Or what did the court say? He didn't say we're good. He said, let's see if I can appease you, I think, with other instructions, with my advice of counsel instruction. So his court was saying the issue is still open then. Well, I think the district court understood that counsel objected to that instruction and then proceeded to, you know, cleave to the pattern instruction on a wholly separate crime. Noted it for the record. I mean, I don't know what else counsel was supposed to do except, you know, say, by the way, court, I continue to object at every available interval. If the defendant says, I've got a problem, and the court says, well, we'll see. Maybe I'll have addressed it, and this is what I'm going to do. At that point, I think the issue has not yet been resolved. Well, the district court thought that, you know, optimistically that its advice of counsel instruction was going to be sufficient to somehow show the mens rea that would have attached to a proper. Well, maybe there'll be a solution, but until there's a solution, you've got to make clear to the court that you are objecting to the status quo that exists before some solution comes along. I think that that is definitely what trial counsel did, because he noted the grounds for his point of disagreement with the court, and never went on to say, I am now sufficiently appeased by an advice of counsel instruction that doesn't even mention the jury instruction that was faulty. That doesn't even get to the mens rea needed to prove a conspiracy to defraud. Yes. Counsel failed to include a proper mens rea to defraud. Was that objection ever stated in so many words? It was stated a different way, because counsel said that the instruction was lacking, because it was based on a pattern instruction based on the offense clause, and that it failed to capture the intent requirement to prove conspiracy under the defraud clause. So that is the essence of what counsel said. Objection.  Where in the record would we find counsel saying what you just said? He says it differently. Again, as I said, there isn't a long protracted paragraph of speech, but I think if one looks at the transcript. I think I understand your point. Just one quick follow-up. Haven't our cases treated the defrauding the United States offense as the underlying crime for Section 371's offense clause? Isn't that what the approach that we've taken in our circuit in cases like Bedford? Yes, in Bedford, the court said that a challenge to jury instruction on conspiracy to defraud was sufficient because it reflected the intent necessary to commit the offense of the conspiracy. In that case, as here. My question, counsel, is if that's how our cases treat defrauding the United States, then how is there any error here? Because there is no indication of the intent requisite to commit the offense of the conspiracy anywhere within the four corners of the jury instruction packet. And I don't mean to confuse the court by invoking the advice of counsel instruction. I only do so because the district court saw an interplay between the conspiracy count and the advice of counsel instruction. The district court kept promoting the notion that if I include an instruction on advice of counsel, that will somehow instruct the jury that that would negate the mens rea necessary to prove a conspiracy to defraud. That is a leap. And as it happens, it never occurred because of the deficiencies in the advice of counsel instruction. And tellingly, the district court, when explaining its rationale for not explaining how advice of counsel or the reliance on one's counsel could negate the mens rea for the underlying object of the conspiracy to defraud, said, I didn't mention that because the mens rea for the conspiracy count is, quote, not straightforward, unquote. Which makes it all the more incumbent upon a court, in my view, to render that not-so-straightforward mens rea so that it is clear to a jury deciding my client's fate. That didn't happen here. I want to say, though, that even if the court finds that this instruction was insufficiently or the objections were insufficiently preserved, a notion with which we disagree, that does not end the court's analysis, I hope, because the district court's error was plain. One of your sister circuits, the Fifth Circuit in U.S. v. Haga, took up a near identical situation, I should say, except that in that instance, the defendant was charged under the offense clause and convicted under the defraud clause. And the court held that what happened offended the most basic notions of due process. It was tantamount to multiple constitutional violations, including the defendant's Fifth Amendment right to a grand jury and his Sixth Amendment right to notice of the charges against him. That, to me, is a plain error. And it really is so here because the only issue in the case was whether or not Mr. Carney intended to deceive the government. He has not disputed that that was his signature on the challenge to tax returns. What he did dispute was that he intended to deceive and cheat the government by means that were dishonest. And so the jury simply didn't have the tools with which to assess countervailing evidence of my client's lack of intent. And that is spoken to in the brief. But briefly, that included the credibility contest between Mr. Carney and his tax counsel, a gentleman who was a convicted tax cheat with his legal license suspended before he ever encountered my client. Though I note that he did testify under oath that Mr. Carney was unaware of his criminal background at the time he hired him. Counsel, could I just jump in and ask you on your plain error argument? In our decision in the United States against Scott, we have held instructions that didn't expressly mention or define defraud. But we said that the instructions adequately described it. So was the district court, in your view, required to use the word defraud or other specific words? The word defraud, I'm sorry. I guess as part of that question, how could the error be explained in light of the Scott decision? I don't have Scott front of mind. But I can tell you that under the governing standards, we know from Hammersmith that defraud has a special meaning in this statute that just can't be met by simply including the word defraud. The word defraud appears in one place in the jury instruction packet. It appears in the indictment. But the indictment otherwise doesn't provide the elements of the offense. Because why should? It doesn't have to. And it certainly doesn't explain what it means to defraud within the context of Section 371. So there's no guidance there. There's no guidance anywhere in the jury instruction packet. So every case is different. But here there is no indication of the standards set forth by the U.S. Supreme Court. The courts below it are bound to follow. So what the government is left to argue here is that the arguments of counsel in their respective opening and closing statements were somehow sufficient to do the job because they invoked the word cheat sometimes. As if, you know, the atmosphere of the trial or the sort of ether around the case would have done the job of instructing the jury. I disagree. And so does the U.S. Supreme Court. I understand that argument of counsel. But you just made reference to the Supreme Court. Is there a Supreme Court case that shows that any error here was plain? What's your best Supreme Court case? I think it's Hammerschmidt because it defines defraud and what it means to defraud within the context of this particular offense. The jury was left with no understanding of that. And that did offend Mr. Kearney's due process rights. I've exceeded my time. One quick question. Did the jury get a copy of the indictment? Was it an indictment here? They did for all the good it did them. The district court itself acknowledged that you've, quote, got to look somewhere else and that he only included the indictment so that the jurors could see how many counts were in issue. But they had the whole indictment in front of them. They did have the indictment, which, again, does not contain any indication as to the heightened mens rea required for the government to meet its burden of proving its case. If there's nothing further, thank you. Good morning. I'm Sean Sullivan for the United States. I'd like to begin talking about the conspiracy jury instruction since that's where we spent most of the time already this morning. And I reemphasize that the error was not preserved for harmless error review on appeal. If we think about the purpose behind the plain error rule, which is to encourage counsel or require counsel to bring things to the judge's attention, the district judge's attention at the time where he can rule or she can rule and decide and avoid the error in the first place, we have to look at this from Judge Browning's perspective. And it's one thing to have proposed jury instructions from the government and from the defense counsel to look at. But then they had a charge conference. And Judge Browning needed more clarity, understandably, here. Well, Judge Browning is the individual who said, I don't need you to do anything. I'm just going to note here, or the government's going to note, that you filed, that the defendant filed a proposed instruction and that he didn't use it and he would consider that an objection. So I'm not sure he needed anything. Well, but he did make a more specific inquiry. And if you think about it from his perspective there, he has the standard Tenth Circuit pattern instruction on 371. He probably knows of the Bedford decision. There's other circuits that address this issue. Does anybody talk about Bedford? No. I don't think so. No. I don't think we can assume that he knew that. Okay. He also, if he were to look to other circuits, they approach this in different ways. So he specifically asked defense counsel, what is your basis for deviating from the pattern instruction? And the response on page 1471 of the record is, from Mr. Lindenberger, first he says, if we're having a separate alliance on counsel instruction, I think that addresses part of what was my proposed nine. Well, proposed nine was the substantive Title 26 charge. So that doesn't address the conspiracy, which was the elements of that, and that was what I was trying to do and was incorporate like I think it was the Cheek decision in the context of tax fraud. Well, Cheek, the transcript says the Chief's decision, but I think it's fair to assume because both of the defense's proposed instructions, eight and nine, referenced United States versus Cheek, that he's talking about Cheek. And if you look at Cheek, that's not a conspiracy case. So here, Judge Browning doesn't get any assistance. He might have said in the beginning, you don't need to note your objections any further because the government noted your objections in their response and I'm aware of what those are. But then on this specific thing, he asked for more information and he doesn't get enough. So I do think that this should be assessed under the plain error standard. Well, he certainly does in his proposed instruction number eight refer to a specific intent to defraud and explain what it means. And if the court did take that language to be an objection and the fact that it did not use that language, that should be sufficient. I would disagree. I would say it would not be sufficient. Especially when we look at the motion for a new trial and how artfully defense at that stage is able to raise his arguments, which are basically, one, you used the wrong clause, and two, that there's no intent to defraud language. As far as the error being plain or obvious, we don't have the case law to say that it was plain or obvious. We can't point to this court or the Supreme Court to say that this was obviously wrong, particularly in light of Bedford, which allows you to look into the reading of the indictment. Well, I think you get plainness or obviousness from the statutory requirements. I mean, if there is a statutory element and you don't give an instruction on that, that's as plain as if you had a case on it. If you don't instruct on an element, I believe the proper analysis is harmlessness. Is what? Is harmlessness, like the Nieder case from the Supreme Court where they didn't instruct on materiality, and it was reviewed for harmless error rather than automatic reversal. And how is this harmless? How is this harmless? Because there is no... You never got an instruction on the intent. There is no reasonable probability that the error would have affected the outcome of the trial. I point the court back in the direction of the reading of the indictment right before the conspiracy that lays out the language, which is that the allegation is willful conduct, combining, conspiring, et cetera, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government function of the collection of taxes. Willful conduct could be construed simply to mean it wasn't accidental, that you were... You didn't put the wrong piece of paper in there. It was intentional. It doesn't satisfy intent, really. Well, the willful... There's a willfulness instruction that then immediately follows the conspiracy instruction. So I think if you read the three together, it adequately leads the jury in the right place. But I'd also say that this is a unique crime under the federal code, because it might be the one crime that pretty much every adult in the United States has faced the exact same situation that Victor Carney is, which is file a tax return with a juror in front of you. Everybody knows that that number that you put in terms of your income is going to affect the IRS. And people also know the common law definition of defraud. The Haas case and the Hammerschmidt case are interesting because they talk about how you take it away from just cheating the government on money or property, and you expand that definition under 371 into other areas, like filing paperwork with the Department of Agriculture that's going to affect crop prices. That was Haas or Hammerschmidt disseminating information about the requirement to register for the draft. Here we've got something everybody understands. They know what fraud is. Every time someone were to go on vacation, say, to Florida, and you make a purchase, you're going to get a fraud alert that says, and people know what that means, somebody's doing something dishonest in order to take money. And that's exactly what is happening here. If I'm hearing you correctly, it seems that you're saying that even if the instruction didn't include the proper mens rea, everybody understands it anyway, so it doesn't matter. Is that your argument? My argument is that, well, the jury instructions only reference to intent to defraud was in the indictment. My argument is that that's sufficient in this context. I couldn't quite. You dropped off on your first sentence. The jury instruction only indicates what, did you say? The jury instruction uses the term defraud the United States in instruction 12, which is the indictment. My position is that that's sufficient. But what was that in connection with? Which charge was that in connection with? It was read immediately before the conspiracy charge. So before the conspiracy charge?  So that the jury could construe that that wasn't related to the conspiracy charge, but rather to whatever preceded it. Well, there would be nothing else to tie it to. I'd submit that they could construe it as the theory or the allegation that applied to the conspiracy charge. So then when they got the conspiracy charge that said they needed to decide as an element, did Mr. Kearney agree with one other person to violate the law, that that was the law they were talking about. The law that had been alleged right before. And when they had to decide that Mr. Kearney knew the essential objective of the conspiracy, it was that. Especially because the manner and means section of the indictment that was read says, the manner and means sought to accomplish the objectives of the conspiracy include, and then it lists a lot of, or it lists three or four instances where Mr. Kearney, or more generally, preparing and signing federal income tax returns, substantially under-reporting the taxable income, filing those returns, making false statements. It's very clear that what the objectives of the conspiracy are, which is to cheat the IRS out of money. Could you, while you still have some time. I'm sorry. Go ahead, Judge Manson. Just a quick follow-up. Can you give us a case example where reading the indictment to the jury can cure an instructional error? I would submit the best case for that is Bedford, where the court approached it as they were reviewing the jury instructions as a whole, and they included what was presented to the jury from reading the indictment in that. Thank you, counsel. I understand. I don't want to take up more of his time on that. I was wondering if you could address the second instruction issue, the vice of counsel instruction. Don't you have a problem there, too, even if we're on plain error review? I understand that's what your argument is, that there was no objection on that either. And presuming there wasn't, why wasn't it plain error that it didn't even reference, the instruction only referenced count two and the defense on count two or the facts of count two, I guess. And it contained no reference to count one. And the only explanation the judge gave for that was that he was giving the facts of count two as an example of what the defense was to. I mean, it just doesn't seem like, I don't know how it can't be plain error to not reference count one because the defense was as to both. In terms of error, before I address plain error, the only thing I'll say on that point is that reference to the 2011 tax return was not only a reference to the Title 26 offense, but it was also an overt act in the conspiracy offense. So the 2011 did have some relevance to the conspiracy offense. But I want to jump to the plain error and whether it affected substantial rights because I think that's really the government's best argument here. And remind this court that there's no contest, there's no dispute that the jury was properly instructed on advice of counsel as opposed to the second. But how do they know? How does the jury know from that instruction that the advice of counsel that specifically refers to count two was supposed to also refer to count one? I don't know how they're supposed to concoct that from this. I think that they could conclude it for a couple of different reasons. The most important one is there's really only one piece of legal advice that we're talking about here, and it doesn't pertain specifically to the 2011 tax return. It's noted on page 955 and 956 of the record. This is the testimony of Robert Fizer. And he says that Victor Carney came to him the first time before they did even the tax return for 2007, I think was the first one. And he says, I don't have the money to pay my taxes. And that's when Fizer tells him that we're making a joint decision that we're not going to report the trust income in the first instance, and soon you need to give me sufficient documentation so that we can amend the returns. So everything flows from the same piece of legal advice. That doesn't help any. The jury needs to know that they have the same defense. This is about their defense of advice of counsel. The fact that the facts all flow for each, the evidence, maybe the evidence was sufficient, but that's not what we're talking about. We're talking about the jury not being instructed. The jury rejected the advice of counsel defense on the second charge. And my position is they were talking about the same piece of advice, so necessarily they would have had to reject it on the conspiracy charge. There's no reasonable way that they could conclude it differently. Is this a step three plain error argument you're making at this point? In other words, it seems like you're almost, maybe you're not quite conceding error, but this argument seems to be that, well, it doesn't matter because if they convicted on both, even if it had been more clear, the result would have been the same. Is that what you're saying now? Yes, Your Honor. That's where we want to focus most of our efforts here is on that piece. Are you conceding error at step one? I wouldn't only because I think there's enough in there with the reference to 2011 and that being an overt act that it's, the jury might have understood it to mean both. Let me just ask you this. You've got, we're talking about Instruction 18, right? Yes. Okay, but then leading up to Instruction 18, the court instructs in 16 on the false statement on an income tax return. The court instructs in 17 about a false statement on an income tax return. Then we get to 18 and we're talking about, again, false statement on an income tax return and only then do we get to advice of counsel. It seems like the instructions put the jury in a mindset that this is all about count two or at least, yes, it's all about count two. I just don't see how they, otherwise, at least they would be confused, wouldn't they? I don't think there's a reason to be confused based on all of the circumstances and I will say specifically defense counsel here did not object to the order. That's why we're reviewing it under a plain error review, right?  But even under plain error, it is a review. It is a review, yes. It is a review. You're out of time. I don't know if we have any further questions. No. Thank you, counsel. Thank you. All right. I don't think there was any rebuttal. Thanks. We appreciate your arguments. They've been very helpful and the case will be submitted and counsel are excused. Thank you.